IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS J. JONES,                       )
                                       )
            Plaintiff,                 )
                                       )
     v.                                )    No. 12 C 328
                                       )
STANDARD INSURANCE COMPANY,            )
                                       )
            Defendant.                 )

# **OPINION AND ORDER**

This case is before the court for consideration of the parties' motions *in limine*.

Plaintiff's first motion *in limine* is to exclude the amount of benefits he is receiving from other sources, particularly disability benefits from the Social Security Administration ("SSA"). Plaintiff still seeks admission of the evidence that he was awarded disability benefits; he just seeks to exclude the amounts of those benefits. Defendant seeks to exclude all evidence regarding plaintiff's award of disability benefits, both the amounts and the existence of an award, including plaintiff's exhibits 11, 12, and 14. Plaintiff cites decisions, *see* **Metro. Life Ins. Co.**

***v. Glenn***, 554 U.S. 105, 109-10 (2008); ***Raybourne v. Cigna Life Ins. Co. of N.Y.***, 700 F.3d 1076 (7th Cir. 2012); ***Holmstrom v. Metro. Life Ins. Co.***, 615 F.3d 758 (7th Cir. 2010); ***LaBarge v. Life Ins. Co. of N.A.***, 2001 WL 109527 *8 (N.D. Ill. Feb. 6, 2001); ***White v. Airline Pilots Ass'n, Int'l***, 364 F. Supp. 2d 747, 768 (N.D. Ill. 2005), in which reviewing courts have considered SSA decisions granting disability benefits. Those cases, however, all involved court review, under ERISA, of administrative decisions denying disability benefits under insurance policies and often concern whether the administrator acted arbitrarily in failing to take into consideration the SSA determination. That is unlike the present case in which a jury is to determine *de novo* whether plaintiff meets the contractual requirements for disability benefits under his insurance policy and whether the jury should be able to consider that SSA has found that its disability standard is satisfied. Cases cited by defendant,[1] *see* ***Chambers v. Sch. Dist. of Philadelphia***

---

[1]None of the cases cited by defendant involve an SSA disability determination. Although not cited by either party, it has been held that evidence of an SSA disability determination can be admissible to show that a person is a qualified individual with a disability for purposes of an ADA claim in which it must be shown that the person is substantiality limited in life activities including work. However, such a holding is based on the similarity of the ADA standard to the SSA disability standard and such evidence should not be admitted if differences applicable to the particular case are likely to confuse the jury. *See* ***Lawson v. CSX Transp., Inc.***, 245 F.3d 916, 927-28 (7th Cir. 2001); ***Henry v. TDS Metrocom***, 2005 WL 1651044 *9 (N.D. Ill. July 8, 2005).

*Bd. of Educ.*, 827 F. Supp. 2d 409, 420 (E.D. Pa. 2011) (IDEA determination being considered regarding Rehabilitation Act and ADA claims), *rev'd*, ___ F. App'x ___, 2013 WL 5225182 (3d Cir. Sept. 17, 2013); *Hall v. Sterling Park Dist.*, 2012 WL 1050302 *8 (N.D. Ill. March 28, 2012) (EEOC and Ill. Dep't of Labor files and determinations); *Lewis v. City of Chicago*, 563 F. Supp. 2d 905, 919-20 (N.D. Ill. 2008) (EEOC discrimination determination), *aff'd sub nom.*, *Lewis v. City of Chicago Police Dep't*, 590 F.3d 427, 441-42 (7th Cir. 2009); *Wells v. Berger, Newmark & Fenchel, P.C.*, 2008 WL 4365972 *4 (N.D. Ill. March 18, 2008) (Ill. Dep't of Human Rights and Ill. Dep't of Employment Security determinations), support the view that administrative decisions should not be presented to the jury as evidence if the unfairly prejudicial component of the evidence outweighs its legitimate probative value. *See generally* Fed. R. Evid. 403.

The somewhat Delphic decision of the SSA which plaintiff proposes to offer is as follows:

> The statement of evidence in the determination of 06/01/11, except as modified herein, is hereby incorporated by reference but not the inferences, findings, or conclusions based thereon.
> This determination reopens and revises the previous determination(s) dated 06/01/11.

> The prior determination is being reopened because he has had a diagnosis of PTSD and depressive disorder since 3/8/11. New MER in file establishes a severe, disabling impairment as his condition has not improved. The claimant meets listing 12.04AB. At the time of the prior determination, it was noted that he was receiving treatment for depression/anxiety and appeared stable. However, as noted previously, MER received indicates that his condition has deteriorated. Therefore, the prior decision dated 6/1/11 is being reopened.
> Disability is therefore established on 03/22/11 and continues to date.

To admit the SSA decision would require an explanation of various SSA standards for determination of a disability and, arguably, the admission of the entire SSA record which does not in all respects conform with the Rules of Evidence. There could easily be duplication and confusion. This court will follow the decisions which decline to admit such determinations in a jury fact-finding proceeding in which presenting the evidence will result in unfair prejudice and confusion.

A related question arises from the intention of the defendant to offer in evidence a statement (defendant's Exhibit No. 2) made by the plaintiff to the Illinois Department of Human Rights and the EEOC in connection with charging DS Waters with disability discrimination. Plaintiff stated to the agency that,

although disabled, he could "with reasonable accommodation" carry on his work at DS Waters. Defendant, however, by its motion *in limine* No. 10, seeks to preclude all evidence of the findings of the Illinois agency--which were contrary to plaintiff because it was found that there was no "reasonable accommodation" available in his employment circumstances. Plaintiff contends that, if the statement he made is received, the decision which recites evidence should be received. Otherwise, the jury might believe that the case was lost because it was found that plaintiff did not have a disability.

It has been held that the standards for determination under disability discrimination claims are not the same as are applicable to disability claims under the SSA. *See* ***Cleveland v. Policy Mgmt. Sys. Corp.***, 526 U.S. 795, 802-06 (1999); ***Lawson***, 245 F.3d at 927-28. Whatever evidentiary value could be derived from plaintiff's statement would in fairness require admission and explanation of the agency decision and involve the jury in a distracting issue. Denying admission of the statement and the record before the Illinois Department of Human Rights is the proper disposition of these objections, but does not preclude an inquiry of the plaintiff about his condition at the time the proceedings were started. Accordingly,

plaintiff's objection to defendant's exhibit No. 2 is granted, and defendant's motion *in limine* No. 10 is granted.

Consistent with the ruling that Count II, the Section 155 proceedings, will be tried to the court, *see* Order dated May 16, 2013 [65], the SSA decision can be considered in determining that matter. Accordingly, plaintiff's motion *in limine* to exclude evidence of other award benefits will be granted. Defendant's motion *in limine* to exclude evidence of the Social Security Award and plaintiff's exhibits 11, 12, and 14 during the trial before the jury is granted.

Plaintiff's motion No. 2 *in limine* to exclude unidentified witnesses is reserved.

Plaintiff's motion *in limine* No. 3 in so far as he seeks to bar the use of the term "malingering" is granted. It is a pejorative term and need not be used. However, the Federal Judicial Center, Reference Manual on Scientific Evidence (3d ed. 2011) states at page 841:

> Psychological testing can be helpful in detecting deception; the MMPI-2 [Minnesota Multiphasic Personality Inventory-2], for example, has scales that correlate with persons who are both "faking bad" (i.e., fabricating symptoms) and "faking good" (i.e., hiding symptoms that actually exist). Other instruments specifically for the assessment of malingering also have been developed, with varying degrees of validation. Information from records of previous psychiatric or

> psychological evaluations can be helpful in determining the congruence of the person's current symptoms with past reports and behaviors.

Consistent with the cited reference, defendant will be permitted to inquire about the scale results of the MMPI-2 test taken by plaintiff if defendant calls Dr. Langgut as a witness. Defendant will also be permitted to introduce background information.

Plaintiff's motion *in limine* Nos. 4, 5, 7, and 13 to bar the calling of experts for lack of identification is denied. The identification provided in defendant's initial disclosure and the subsequent discovery proceedings are adequate.

Plaintiff's motion *in limine* No 6. (to exclude witnesses from DS Waters), and Nos. 9 and 10 (job applications and appeals to DS Waters) are reserved.

Plaintiff's motion *in limine* No. 11 to describe witness as independent is reserved.

Plaintiff's motion *in limine* Nos. 14 and 15 are denied.

The motions *in limine* of the defendant, not referred to in previous rulings, are ruled upon as follows:

Defendant has moved (motion *in limine* No. 2) to exclude evidence and testimony regarding the MMPI-2 testing of plaintiff by clinical psychologist Mark Langgut, and all testimony from Langgut and any conclusions based on the tests contained in Plaintiff's exhibits 8, 9, and 10.  Defendant argues that the testimony and report produced by Langgut fails to meet ***Daubert*** analysis.  However, Langgut is a well-qualified psychologist, experienced in diagnosing and treating patients suffering from PTSD, and has administered a recognized psychological test, the MMPI-2.  The ***Daubert*** standards to not preclude his testimony.  For test accuracy reasons, however, Langgut has questioned or rejected the validity of the test because of possible exaggerated responses by plaintiff and stated that any opinion by him would require further interview of plaintiff.

Defendant has chose not to proceed further with the test or the witness, which it has a right to do.  This does not preclude plaintiff from calling Langgut to explain his experience with PTSD or the MMPI-2.  Defendant may offer testimony from Langgut explaining why he regarded the results of the MMPI-2 test of plaintiff to be invalid.

Because defendant decided not to call Langgut or introduce the MMPI-2 results, plaintiff may not, before the jury, go into the question of why defendant did not arrange for more time for Langgut to interview plaintiff in greater depth.

Defendant's motion *in limine* No. 3 to bar Drs. Capriotti, Tran, Lynch, and Langgut from testifying and excluding plaintiff's exhibits 2, 3, 4, 5, 6, 7, 8, 9, and 10 is denied.

Defendant's motion *in limine* No. 4 to bar evidence related to vexatious or unreasonable conduct as claimed in Count II of the Amended Complaint and for penalties and plaintiff's exhibit 21 is granted.

Defendant's motion *in limine* Nos. 5, 7, 11, and 12 are granted. Defendant's motion *in limine* Nos. 6, 8, 9, and 13 are reserved.

IT IS THEREFORE ORDERED that plaintiff's motion *in limine* No. 3 is granted. Plaintiff's motion *in limine* Nos. 1 and 12 are granted in part and denied in part. Plaintiff's motion *in limine* Nos. 4, 5, 7, 13, 14, and 15 are denied. Plaintiff's motion *in limine* Nos. 2, 6, 8, 9, and 13 are reserved. Defendant's motion *in limine* Nos. 1, 4, 5, 7, and 10-12 [69, 72, 73, 75, 78-80] are granted. Defendant's

motion *in limine* Nos. 2 and 3 [70-71] are denied.  Defendant's motion *in limine* Nos. 6, 8, 9, and 13 [74, 76-77, 81] are reserved.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED:  OCTOBER  8, 2013